UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MATI GILL,                          )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 15-2272 (RBW)
                                    )
ISLAMIC REPUBLIC OF IRAN,           )
                                    )
            Defendant.              )
_____ )

### ORDER

Currently pending before the Court is the plaintiff's Motion for Judgment by Default against the Islamic Republic of Iran ("Iran"), see Motion for Judgment by Default ("Pl.'s Mot.") at 1.  The Court notes that, under the Foreign Sovereign Immunities Act (the "Act"),

> [a] foreign state shall not be immune from the jurisdiction of courts of the United States . . . [when] money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

28 U.S.C. § 1605A(a)(1) (2012).

The plaintiff appears to assert that the Court has subject-matter jurisdiction over this action because Iran provided material support to Hamas, which engaged in an act of attempted extrajudicial killing on April 4, 2008, when it shot the plaintiff, even though the shooting produced no fatalities.  See Pl.'s Mot., Exhibit ("Ex.") A (Plaintiff's Proposed Findings of Fact and Conclusions of Law in Support of Motion for Default Judgment) ¶ 48 ("In this case, although the attempted extrajudicial killing of [the plaintiff] and members of the Canadian delegation did not produce any fatalities, the Attack satisfies the 'state-sponsored terrorism'

exception and results in Iran's loss of immunity."). Another member of this Court has stated that, to show that the defendant provided material support for an extrajudicial killing in order to demonstrate subject-matter jurisdiction under the Act, "[the p]laintiffs need only establish that the [act of extrajudicial killing] was unauthorized, deliberate, and that there were casualties." Cohen v. Islamic Republic of Iran, __ F. Supp. 3d __, __, No. 12–cv–01496 (CRC), 2017 WL 818208, at *5 (D.D.C. Mar. 1, 2017) (emphasis added).  Accordingly, it not being alleged that any deaths occurred as a result of the shooting on April 4, 2008, that is the subject of the plaintiffs' allegations, it is hereby

      **ORDERED** that the plaintiff **SHOW CAUSE**, in writing on or before March 17, 2017, why the Court should not dismiss this action for lack of subject-matter jurisdiction.  It is further

      **ORDERED** that Iran shall file its response, if any, on or before March 24, 2017.

      **SO ORDERED** this 13th day of March, 2017.

                                                      REGGIE B. WALTON
                                                    United States District Judge