```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------x
MATI GILL,                                             :
                                                       :      Case No. 15-cv-02272 (RBW)
                                    Plaintiff,         :
                                                       :
              -against-                                :
                                                       :
ISLAMIC REPUBLIC OF IRAN,                              :
                                                       :
                                    Defendant.         :
-------------------------------------------------------x
```

## MOTION FOR ORDER FINDING THAT PLAINTIFF HAS MET THE REQUIREMENTS OF 28 U.S.C. § 1610(c)

Plaintiff respectfully requests an order finding that he has met the requirements of 28 U.S.C. § 1610(c), and that he may therefore seek attachment or execution under 28 U.S.C. §§ 1610(a), (b), and/or (g). Section 1610(c) requires that Plaintiff provide Defendant Iran notice of the default judgment against it, and that a "reasonable period of time has elapsed" since notice was given. As explained below, Plaintiff has met these requirements.

### BACKGROUND

The Court entered judgment in Plaintiff's favor and against Iran on March 31, 2017 in the amount of $30,000,000. *See* ECF No. 32. *See also* ECF Nos. 33 (sealed memorandum opinion), 35 (redacted memorandum opinion).

Plaintiff then effected service of the default judgment on Defendant in accordance with 28 U.S.C. § 1608(e). *See* ECF No. 36. Because Plaintiff and Iran do not maintain any special arrangement for service and service on Iran is not permitted by any applicable international convention on service of judicial documents, service was impossible under 28 U.S.C. § 1608(a)(1) and (2). Plaintiff therefore attempted to serve the judgment on Iran via DHL, pursuant to 28 U.S.C. § 1608(a)(3), but Iran refused to accept service. *See* ECF Nos. 36–38. Plaintiff thereafter wrote the

Clerk of this Court, on June 29, 2017, to request that service be effected on Defendant through diplomatic channels in accordance with 28 U.S.C. § 1608(a)(4). *See* ECF No. 39. Plaintiff provided the Court with two copies of: (i) Notice of Suit with a certified translation into Farsi; (ii) Notice of Judgment, the Order and Default Judgment, and the Memorandum Opinion with certified translations into Farsi; and (iii) the Foreign Sovereign Immunities Act. *See id.*

The next day, on June 30, 2017, the Clerk's office certified that the documents and accompanying translations were dispatched to the U.S. Department of State in Washington, D.C., as contemplated in 28 U.S.C. § 1608(a)(4). *See* ECF No. 41.[1] Service through diplomatic channels was completed upon Defendant as of January 2, 2018, as demonstrated by a certified copy of the diplomatic note. *See* ECF No. 42. The State Department informed the clerk of court by letter dated January 23, 2018 that the documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1129-IE (dated December 28, 2017 and delivered January 2, 2018). *Id.*

## ARGUMENT

This Court may issue an order stating that a plaintiff who won a judgment pursuant to 28 U.S.C. § 1605A has satisfied the requirements of 28 U.S.C. § 1610(c), and that plaintiff is thus free to pursue attachment and enforcement of assets under §1610(a), (b) and/or (g) in satisfaction of that judgment. *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1 (D.D.C. 2015). That rule states:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry

---

[1] The docket and certificate of mailing erroneously state that the Clerk sent "two copies of the summons, complaint, and notice of suit" to the State Department for diplomatic service. ECF No. 41. However, the State Department's response confirms that the service package included "Order and Default Judgment, Memorandum Opinion, and Notice of Default Judgment," along with translations. ECF No. 42 at ECF page 12.

of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. § 1610(c).

Here, service under § 1608(e) was required, as Plaintiff won a default judgment issued against a foreign state. Thus, Plaintiff must show he sent "[a] copy of any such default judgment … to the foreign state or political subdivision," 28 U.S.C. § 1608(e), as prescribed in 28 U.S.C. § 1608(a) (service on foreign states or political subdivisions). Section 1608(a) provides four means for serving foreign states, which must be attempted in descending order. *See Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 557, 559 (D.D.C. 2017). The first two, service by means of an arrangement between the parties or applicable international convention, are impossible, as stated above. As also stated above, Plaintiffs attempted the second two means, in order, and successfully served Iran under § 1608(a)(4). *See* ECF No. 42.

Plaintiff must also show that a "reasonable period of time" has elapsed since that service. Though a "reasonable period of time" is not defined in the FSIA, "courts have found periods of three months and less reasonable." *Owens*, 141 F. Supp. 3d at 9. *See also Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) ("The Court believes that six weeks, the period of time which has elapsed since the judgment in this case, is a sufficient period of time to satisfy the requirements of section 1610(c)."). Moreover, "[s]everal courts have noted that the absence of progress towards paying a judgment weighs against an extended pause prior to permitting attachment." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. CV 16-0661 (RC), 2017 WL 6349729, at *1 (D.D.C. June 9, 2017). *See also Owens*, 141 F. Supp. 3d at 9 ("In the absence of any evidence that defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient

pause.") Here, Plaintiff effected service on Iran over two-and-a-half years ago. To this day, Defendant has not otherwise acknowledged the judgment or attempted to pay it.

## CONCLUSION

For the foregoing reasons, this Court should order that Plaintiff served notice on Iran of the default judgment against it as required under 28 U.S.C. § 1608(e) and that a "reasonable period of time" has elapsed since serving that notice; and that attachment and execution upon the assets of Defendant and/or its agents and instrumentalities under 28 U.S.C. § 1610 may occur in collection of this judgment.

Dated: July 24, 2020

                                                Respectfully submitted,

                                                OSEN LLC

By:    /s/ Michael J. Radine
          Michael J. Radine (DC Bar No. NJ015)
          2 University Plaza, Suite 402
          Hackensack, NJ 07601
          Tel. (201) 265-6400

          *Attorney for Plaintiff*