## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MATI GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-2272 (RBW) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Mati Gill, the plaintiff in this civil case, brings this personal injury action against the

Islamic Republic of Iran ("Iran") pursuant to the Foreign Sovereign Immunities Act (the "Act"),

28 U.S.C. § 1605A (2012).  Complaint ("Compl.") ¶ 1.  The plaintiff alleges that Iran knowingly

provides material support to Hamas, a Foreign Terrorist Organization, which executed a shooting

attack in Israel during which the plaintiff was shot and injured.  Id.  Currently before the Court is

the plaintiff's Motion for Order Finding that Plaintiff Has Met the Requirements of 28 U.S.C.

§ 1610(c) ("Pl.'s Mot.").  After carefully considering all of the relevant evidence submitted by

the plaintiff,[1] the Court concludes for the reasons below that it must grant the plaintiff's motion.

## I.      BACKGROUND

The Court previously described the relevant background of this case in detail, see Gill v.

Islamic Republic of Iran, 249 F. Supp. 3d 88 (D.D.C. 2017) (Walton, J.), and therefore will not

---

[1] In addition to the filings identified above, the Court considered the following submissions in rendering its decision:
(1) Affidavit Requesting Foreign Mailing, ECF No. 36 ("Foreign Mailing Aff."); (2) Certificate of Mailing, ECF
No. 37 ("1st Cert. of Mailing"); (3) Letter from Aaron Schlanger, Osen LLC, to Angela D. Caesar, Clerk of the
Court, United States District Court for the District of Columbia (June 29, 2017), ECF No. 39 ("Schlanger Letter");
(4) Certificate of Mailing, ECF No. 41 ("2d Cert. of Mailing"); and (5) Letter from Jared Hess, Attorney Adviser,
Overseas Citizens Services, Office of Legal Affairs, United States Department of State to Angela D. Caesar, Clerk
of the Court, United States District Court for the District of Columbia (Jan. 23, 2018), ECF No. 42 ("Hess Letter").

reiterate that information in full again.  The Court will, however, briefly summarize the

procedural posture of this case, which is pertinent to its resolution of the plaintiff's motion.

On December 31, 2015, the plaintiff filed this case, "asserting a personal injury claim

against Iran under the Act for providing material support to Hamas, which the plaintiff alleges

was responsible for a shooting attack in Israel on April 4, 2008, during which the plaintiff was

seriously injured[.]" Id. at 92.  After "Iran failed to respond to the [plaintiff's Complaint], the

plaintiff filed an affidavit in support of a default being entered against Iran," and "on June 28,

2016, the Clerk of the Court entered [a] default against Iran[.]" Id.  The plaintiff then filed his

motion for a default judgment on July 19, 2016.  Id.  On March 31, 2017, the Court granted the

plaintiff's motion, see Order at 1 (Mar. 31, 2017), ECF No. 30, and issued an accompanying

Memorandum Opinion, see Gill, 249 F. Supp. 3d at 91–106.

Following the Court's entry of the judgment against Iran, the plaintiff alleges that he

attempted to "effect[] service of the [March 31, 2017] judgment on [Iran] in accordance with

28 U.S.C. § 1608(e)." Pl.'s Mot. at 1.  The plaintiff represents that he "attempted to serve the

judgment on Iran via DHL, pursuant to 28 U.S.C. § 1608(a)(3), but Iran refused to accept

service[,]" id., so he "wrote the Clerk of this Court, on June 29, 2017, to request that service be

effected on [Iran] through diplomatic channels in accordance with 28 U.S.C. § 608(a)(4)[,]" id.

at 1–2.  According to the plaintiff, "on June 30, 2017, the [Clerk of the Court] certified that the

documents and accompanying translations were dispatched to the [United States] Department of

State [(the "State Department")] in the [District of Columbia], as contemplated in 28 U.S.C.

§ 1608(a)(4)" and "[s]ervice through diplomatic channels was completed upon [Iran] as of

January 2, 2018[.]" Id. at 2.  Finally, the plaintiff represents that "[t]he State Department

informed the [C]lerk of [the C]ourt by letter dated January 23, 2018[,] that the documents were

delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1129-IE[,

which was] dated December 28, 2017[,] and delivered January 2, 2018[].” Id.

## II.     ANALYSIS

The plaintiff seeks “an order finding that he has met the requirements of 28 U.S.C.

§ 1610(c), and that he may therefore seek attachment or execution under 28 U.S.C. §§ 1610(a),

(b), and/or (g).”  Pl.’s Mot. at 1.  Pursuant to 28 U.S.C. § 1610(c), “[n]o attachment or execution

. . . shall be permitted until the [C]ourt has ordered such attachment and execution after having

determined that a reasonable period of time has elapsed following the entry of judgment and the

giving of any notice required under section 1608(e) of this chapter.”  28 U.S.C. § 1610(c).  This

Order will address in turn the two requirements of § 1610(c): (1) “the giving of any notice

required under [§] 1608(e)[,]” and (2) whether “a reasonable period of time has elapsed

following the entry of judgment and the giving of [ ] notice[.]”  28 U.S.C. § 1610(c).

## A.     The “Giving of Notice”

The Court begins its analysis of whether the plaintiff has satisfied the requirements of

§ 1610(c) by determining whether the plaintiff has provided Iran adequate notice of the Court’s

March 31, 2017 judgment.  See Owens v. Republic of Sudan, 141 F. Supp. 3d 1, 8 (D.D.C. 2015)

(stating that “[t]he first . . . requirement[] is that [the] plaintiff[] ha[s] provided notice of [his]

default judgment[] to the foreign state[]”).

Pursuant to § 1610(c), prior to attachment or execution, a plaintiff must give a defendant

“any notice required under section 1608(e)[.]”  28 U.S.C. § 1610(c).  Section 1608(e) states that

“[a] copy of . . . [a] default judgment [entered against a foreign state] shall be sent to the foreign

state . . . in the manner prescribed for service in this section.”  Id. § 1608(e).  Pursuant to

§ 1608(a),

> [s]ervice in the courts of the United States . . . shall be made upon a foreign state . . . :
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned[;] or
>
> (4) if service cannot be made within [thirty] days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Id. § 1608(a).  Finally, pursuant to § 1608(c),

> [s]ervice shall be deemed to have been made—(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and (2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

Id. § 1608(c).

Here, the Court concludes that the plaintiff has satisfied the requirements of § 1610(c) by giving Iran adequate notice of the Court's March 31, 2017 judgment.  The Court will address each of the statutory requirements in turn.

As an initial matter, the plaintiff correctly notes in his motion that "service was impossible under . . . § 1608(a)(1) and (2)[,]" Pl.'s Mot. at 1, because (1) "no special

arrangements for service exist" between the plaintiff and Iran, and (2) "Iran [is not] a party to any applicable international convention on service of judicial documents[,]" Karcher v. Islamic Republic of Iran, 249 F. Supp. 3d 557, 560 (D.D.C. 2017) (internal quotation marks omitted). Because service was not possible pursuant to § 1608(a)(1) or 1608(a)(2), the "[p]laintiff [was] permitted by statute to serve Iran by mail pursuant to [§] 1608(a)(3)." Id.

The Court concludes that, on the record before it, the plaintiff has established that he "compiled with the dictates of" § 1608(a)(3), id., which requires the plaintiff to

> send[] a copy of [the materials], together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned,

28 U.S.C. § 1608(a)(3).  The record shows that on May 10, 2017, the plaintiff filed an affidavit requesting "that the Clerk mail a copy of the [March 31, 2017] judgment" via DHL to "Dr. Mohammad Javad Zarif, Minister of Foreign Affairs" at Iran's Ministry of Foreign Affairs, pursuant to § 1608(a)(3).  Affidavit Requesting Foreign Mailing at 1, ECF No. 36 ("Foreign Mailing Aff.").  On May 15, 2017, the Clerk filed a Certificate of Mailing, certifying that "[o]ne copy of the [March 31, 2017] judgment, together with a translation . . . into the official language of the foreign state, by registered mail, return receipt requested, [was mailed] to the head of the ministry of foreign affairs, pursuant to the provisions of . . . § 1608(a)(3)."  Certificate of Mailing at 1, ECF No. 37 ("1st Cert. of Mailing").  Thereafter, the package was returned to the Clerk "unexecuted[.]"  Min. Entry (June 9, 2017), ECF No. 38.

Because service pursuant to § 1608(a)(3) was ineffective, see Haim v. Islamic Republic of Iran, 902 F. Supp. 2d 71, 73 (D.D.C. 2012) (concluding that service on Iran pursuant to section 1608(a)(3) was defective because delivery of the service package was rejected at the destination address), on June 29, 2017, the plaintiff requested that the Clerk of the Court "take all

5

necessary steps, pursuant to 28 U.S.C. § 1608(a)(4), to effect service of the [March 31, 2017]

judgment in this matter on . . . Iran[,]" Letter from Aaron Schlanger, Osen LLC, to Angela D.

Caesar, Clerk of the Ct., U.S. Dist. Ct. for the Dist. of Columbia at 1 (June 29, 2017), ECF No.

39 ("Schlanger Letter").  The plaintiff "enclosed two copies of" (1) "the Notice of Suit with a

certified translation into Farsi;" (2) the "Notice of Judgment and Order and Default Judgment

and Memorandum Opinion with a certified translation into Farsi;" and (3) "the Foreign

Sovereign Immunities Act."  Id.  On June 30, 2017, the Clerk of the Court certified that she had

mailed the requested documents to the "Director of Overseas Citizens Services" at "the [United

States] Department of State," "pursuant to the provisions of . . . § 1608(a)(4)."  Certificate of

Mailing at 1, ECF No. 41 ("2d Cert. of Mailing").  On January 23, 2018, Jared Hess, Attorney

Adviser, Overseas Citizens Affairs at the Office of Legal Affairs at the State Department

represented that "[t]he documents were delivered to the Iranian Ministry of Foreign Affairs

under cover of diplomatic note No. 1129-IE, dated December 28, 2017[,] and delivered on

January 2, 2018."  Letter from Jared Hess, Att'y Adviser, Overseas Citizens Servs., Off. of Legal

Affs., U.S. Dep't of State, to Angela D. Caesar, Clerk of the Ct., U.S. Dist. Ct. for the Dist. of

Columbia (Jan. 23, 2018), ECF No. 42 ("Hess Letter").  Therefore, the plaintiff has established

that he successfully served Iran with the Court's March 31, 2017 judgment pursuant to

§ 1608(a)(4), as of January 2, 2018.  See 28 U.S.C. § 1608(c)(1) (stating that "[s]ervice shall be

deemed to have been made . . . [,] in the case of service under subsection (a)(4), as of the date of

transmittal indicated in the certified copy of the diplomatic note").

**B.      Whether a "Reasonable Period of Time" Has Elapsed**

Next, the Court addresses whether "a reasonable period of time has elapsed following the

entry of judgment and the giving of any notice required under [§] 1608(e)[.]"  28 U.S.C.

§ 1610(c).  As another member of this Court has noted, "[t]he statute provides no express guidance on how to assess whether a period is 'reasonable.'"  Owens, 141 F. Supp. 3d at 8. Rather, "a court's determination of 'reasonable time' should be informed by" (1) "an examination of the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation)[;]" (2) "evidence that the foreign state is actively taking steps to pay the judgment[;]" and (3) "evidence that the foreign state is attempting to evade payment of the judgment[.]"  Ned Chartering & Trading, Inc. v. Republic of Pakistan, 130 F. Supp. 2d 64, 67 (D.D.C. 2001).  "Courts have found anywhere from six weeks, [see id.], to a year, [see] Agudas Chasidei Chabad of U.S. v. Russian Fed'n., 798 F. Supp. 2d 260, 270 (D.D.C. 2011), to be a reasonable time since entry of judgment."  Kapar v. Islamic Republic of Iran, 105 F. Supp. 3d 99, 108 (D.D.C. 2015); see, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, Civ. Action No. 16-0661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (concluding that two months between the giving of notice and the issuance of an order authorizing attachment or execution is a reasonable period of time); Owens, 141 F. Supp. 3d at 9 (three months); TECO Guatemala Holdings, LLC v. Republic of Guatemala, Civ. Action No. 17-102, 2020 WL 2934951, at *2 (D.D.C. June 2, 2020) (six months).

In this case, judgment was entered in favor of the plaintiff on March 31, 2017, see Order at 1 (Mar. 31, 2017), and Iran was served with the default judgment on January 2, 2018, see Hess Letter at 1.  The plaintiff represents that, as of July 24, 2020—the date on which the plaintiff filed his motion, over two-and-a-half years after Iran was served—Iran "ha[d] not [ ] acknowledged the judgment or attempted to pay it[,]" Pl.'s Mot. at 4, and this is confirmed by Iran's lack of involvement in this lawsuit to date.  There being "no indication that [Iran is] taking any steps to pay the judgment[,]" Kapar, 105 F. Supp. 3d at 108, the Court concludes that "a

reasonable period of time has elapsed" since the giving of notice, 28 U.S.C. § 1610(c), and therefore the plaintiff may "seek execution of [his] judgment as permitted by" § 1610(c), Blais v. Islamic Republic of Iran, 02-cv-285, 2011 WL 13376985 (D.D.C. Dec. 2, 2011), at *2.

Accordingly, in light of the facts that (1) the plaintiff has given notice of the Court's March 31, 2017 judgment to Iran in accordance with 28 U.S.C. § 1608(e) and (2) "a reasonable period of time has elapsed following the entry of the judgment" on March 31, 2017, "and the giving of [ ] notice" of the judgment to Iran on January 2, 2018, the Court concludes that the plaintiff may seek attachment and enforcement in aid of execution of the Court's March 31, 2017 judgment.

Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion for Order Finding that Plaintiff Has Met the Requirements of 28 U.S.C. § 1610(c), ECF No. 52, is **GRANTED**.  It is further

**ORDERED** that the plaintiff may pursue attachment and enforcement in aid of execution of the March 31, 2017 judgment as permitted by 28 U.S.C. § 1610.

**SO ORDERED** this 30th day of March, 2021.

REGGIE B. WALTON
United States District Judge

8